JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:  (323) 488-6748

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| LEODEGARIO PEREZ,<br><br>　　　Plaintiff,<br><br>　vs.<br><br><br>COLLECTION CONSULTANTS OF CALIFORNIA,<br><br>　　　Defendant | Docket No.: _<br><br><br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq*. and **DEMAND FOR JURY TRIAL** |

Plaintiff Leodegario Perez ("Plaintiff"), by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, as and for his Complaint against Defendant Collection Consultants Of California ("Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant

[Complaint] - 1

jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA"), and Cal. Civ. Code § 1788 *et seq.*, commonly known as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA").

## PARTIES

4. Plaintiff is a resident of the State of California, residing in the County of Orange.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 6100 San Fernando Rd. #211, Glendale, CA 91201.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The reporting of a debt to a credit reporting agency is a "communication" as the term is defined by 15 U.S.C. § 1692a(2).

10. Defendant reported the Alleged Debt on Plaintiff's credit report.

11. Plaintiff disputed the Alleged Debt directly with Defendant with a dispute letter on June 18, 2015.

12. Plaintiff examined his credit report on August 2, 2015, and found that Defendant had not removed the account for the Alleged Debt Plaintiff's credit report after it had received Plaintiff's dispute letter, and had not listed the account as "disputed by consumer" despite being required to do so by the FDCPA.

### FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(8), 1692e(10), and 1692f.

15. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of the RFDCPA)

16. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

17. The RFDCPA requires debt collectors to comply with the FDCPA, and a violation of the FDCPA is also a violation of the RFDCPA. Cal. Civ. Code § 1788.17.

18. The remedies under the FDCPA and RFDCPA are cumulative, and Plaintiffs are entitled to damages under both acts.

19. Upon information and belief, Defendant willfully and knowingly committed the violations of the FDCPA and RFDCPA described herein, and is entitled to statutory damages pursuant to Cal. Civ. Code § 1788.30(b).

## DEMAND FOR TRIAL BY JURY

20. Plaintiffs demand and hereby respectfully request a trial by jury for all claims and issues this complaint to which Plaintiffs are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

d) A declaration that the Defendant's practices violated the FDCPA and the RFDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: December 14, 2015

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By: /s/ Jonathan A Stieglitz
Jonathan A Stieglitz